### S98Y0826, S98Y0828, S98Y0829. IN THE MATTER OF JIM WHITE.
(506 SE2d 849)

PER CURIAM.

The State Bar filed Notices of Discipline against Respondent Jim White in three separate matters, alleging violations of Standards 4 (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (withdrawal from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 61 (failure to promptly notify client of the receipt of funds, securities or other properties and to deliver such funds, securities or other properties to the client); 63 (failure to maintain complete records and render appropriate accounts to the client); 65 (commingling client's funds with his own and failure to account for trust property); and 68 (failure to respond to disciplinary authorities during the investigation of a complaint) of Bar Rule 4-102 (d). Upon White's failure to respond to the Notices within the time set by Bar Rule 4-208.3 (a), White was in default pursuant to Bar Rule 4-208.1 (b) and subject to discipline by this Court. The State Bar has recommended disbarment as an appropriate sanction for White's violations of Standards 4, 22, 44, 61, 63, 65, and 68 of Bar Rule 4-102 (d). We agree.

In each of the three cases before this Court, White received funds on behalf of the client, converted the funds to his own use, and failed to deliver the funds to the client or to give the client an accounting of the funds. In one case, White received a check from an insurance company for his client, signed his client's name to the check and cashed the check without the client's permission, and failed to deliver any of the proceeds to the client. White later received a second check for the same client from the insurance company in error, signed his client's name to the check and cashed the check without the client's

permission, and failed to deliver any of the proceeds to the client or to return the money to the insurance company. The insurance company subsequently notified the State Bar. In another case, White had the client sign the settlement check, delivered only a small portion of the proceeds to the client, and, after the client hired another attorney to investigate the matter, failed to give a complete accounting of the funds and to deliver the client's file to the new attorney. White has failed to respond to disciplinary authorities during the investigation into the three cases and this Court finds no evidence of mitigating circumstances. In aggravation of the level of discipline to be imposed, the Court considered White's current suspension in all three cases for failing to respond to the Notices of Investigation of the Investigative Panel of the State Disciplinary Board and White's extensive experience in the practice of law, having been a member of the State Bar of Georgia since 1975.

We agree with the State Bar that disbarment is warranted as a result of White's violations of Standards 4, 22, 44, 61, 63, 65, and 68 of Bar Rule 4-102 (d), particularly in light of his multiple offenses combined with his failure to comply with the rules of disciplinary authorities.

Accordingly, White is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.